**Ewan BRYCE, Appellant**

v.

**Warden Jerry C. MARTINEZ.**

**No. 09–1730.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 16, 2009.

Opinion filed: Aug. 6, 2009.

---

Ewan Bryce, White Deer, PA, pro se.

Kate L. Mershimer, Esq., Office of United States Attorney, Harrisburg, PA, U.S. Atty., Scranton, Scranton, PA, for Jerry C. Martinez.

Before: RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Ewan Bryce appeals from an order of the District Court dismissing his habeas corpus petition under 28 U.S.C. § 2241 for lack of jurisdiction. For the reasons that follow, we will dismiss the appeal.

In August 1998, Bryce was sentenced to concurrent terms of 124 months of imprisonment based on federal convictions for conspiracy to distribute, and possession with intent to distribute, cocaine. Bryce appealed, and while his appeal was pending, he was indicted for murdering the prosecution's confidential informant in his drug case.[1] A jury found Bryce not guilty of the murder. Thereafter, the United States Court of Appeals for the Second Circuit "reverse[d] Bryce's conviction for possession with intent to distribute and distribution (Count Two), affirm[ed] the district court's judgment as to Bryce's conspiracy conviction (Count One), and remand[ed] for resentencing." *United States v. Bryce*, 208 F.3d 346, 356 (2d Cir.1999).

A hearing was held pursuant to the remand, after which the district court judge, using a preponderance of the evidence standard, found that Bryce had murdered the confidential informant. The district court judge used that conduct to increase Bryce's offense level for sentencing purposes, and thereafter increased Bryce's sentence on the conspiracy conviction from 124 months to 240 months of imprisonment. The Second Circuit affirmed. Bryce then filed an unsuccessful motion to vacate his sentence pursuant to 28 U.S.C. § 2255. His request to file a second or successive § 2255 motion was denied.

Bryce filed the instant § 2241 petition in January 2009, challenging the sentencing enhancement on his conspiracy conviction following the Second Circuit's remand. The District Court concluded that Bryce "has not demonstrated that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention" and dismissed the § 2241 petition for lack of jurisdiction. Bryce appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Bryce leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Our review of the District Court's decision dismissing Bryce's § 2241 petition is plenary. *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002).

For substantially the reasons given by the District Court, we conclude that the District Court lacked jurisdiction over Bryce's § 2241 petition. The presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence is a motion pursuant to 28 U.S.C. § 2255. *See Okereke v. United States*, 307

---

1. "The murder case went to trial, with [Bryce] taking the stand ... Bryce admitted his involvement in cocaine trafficking (which he had denied during the drug case trial), but denied killing [the confidential informant]." *United States v. Bryce*, 287 F.3d 249, 252 (2d Cir.2002).

F.3d 117, 120 (3d Cir.2002); *see also Davis v. United States,* 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Nothing in the record or the arguments put forth in his notice of appeal suggests that Bryce's case fits within the narrow class of circumstances where a § 2255 motion would be inadequate or ineffective to challenge his conviction or sentence.[2] On that point, we emphasize that lack of success in a previous § 2255 motion does not render § 2255 inadequate or ineffective. *See Cradle,* 290 F.3d at 539.

Accordingly, because this appeal presents no arguable legal issue, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

**2.** In fact, every case cited by Bryce either counters his assertion that he is entitled to use § 2241 to collaterally attack his sentence, or does not concern the issues relevant to his appeal.